GILBERT THOMAS ROACH, PLAINTIFF v. JOSEPH CHARLES SMITH AND THELMA AVERY SMITH, DEFENDANTS

No. 903SC710

(Filed 2 April 1991)

**Interest § 2 (NCI3d) — judgment entered more than four years before motion made — no prejudgment or postjudgment interest allowed**

No judge is authorized, pursuant to a motion made in the cause, to order the payment of prejudgment interest or postjudgment interest on a judgment entered more than four years before the motion in the cause is made.

**Am Jur 2d, Interest and Usury §§ 59, 60.**

## ROACH v. SMITH

[102 N.C. App. 482 (1991)]

APPEAL by plaintiff from *Llewellyn (James D.), Judge.* Order entered 23 April 1990 in Superior Court, CRAVEN County. Heard in the Court of Appeals 11 March 1991.

This is a civil action wherein plaintiff seeks to recover damages for injuries resulting from the negligence of defendants.

The uncontroverted facts disclose the following: On 10 January 1985, Judge Bradford Tillery entered a judgment that "plaintiff have and recover of the defendant the sum of $125,500 with interest thereon as provided by G.S. 24-5 from the 12th day of November, 1982." On 25 May 1989, the plaintiff made a motion for prejudgment interest pursuant to G.S. 24-5 in the amount of $6,449.75 calculated at the rate of 8% interest from 12 November 1982 through 10 January 1985 on the amount of $25,000 (the amount of liability insurance coverage). Subsequently, on 28 February 1990, plaintiff made a motion for postjudgment interest on the prejudgment interest amount until such time as the judgment is satisfied.

On 23 April 1990, Judge James Llewellyn entered an order denying plaintiff's motions. Plaintiff appealed.

*Beaman, Kellum, Hollows & Jones, P.A., by J. Allen Murphy, for plaintiff, appellant.*

*Ward and Smith, P.A., by Susan K. Ellis, and Kenneth R. Wooten, for defendant, appellees.*

HEDRICK, Chief Judge.

We are unaware of any rule that authorizes any judge, pursuant to a motion made in the cause, to order the payment of prejudgment interest or postjudgment interest on a judgment entered more than four years before the motion in the cause is made.

We hold Judge Llewellyn had no authority to entertain or allow the motions in this case, and said motions should have been dismissed. *Home Health and Hospice Care, Inc. v. Meyer*, 88 N.C. App. 257, 362 S.E.2d 870 (1987). However, we treat the order denying the motions as one dismissing them, and affirm it.

Affirmed.

Judges COZORT and LEWIS concur.