TURNER v. CECO CORP.

[98 N.C. App. 366 (1990)]

———————

CARLTON RAY TURNER, EMPLOYEE-PLAINTIFF v. CECO CORPORATION, EMPLOYER-DEFENDANT, AND COMMERCIAL UNION INSURANCE COMPANY, CARRIER-DEFENDANT

No. 8910IC1073

(Filed 1 May 1990)

Master and Servant § 89.4 (NCI3d)— workers' compensation— recovery from third party tortfeasor—lifetime monthly benefits not future benefits

Lifetime monthly payments from a third party tortfeasor pursuant to the settlement of a third party action were proceeds of the settlement and not future benefits; therefore,

## TURNER v. CECO CORP.

defendants were not entitled to a lien in the monthly payments since they had agreed to waive "any lien which they had as to the proceeds from this settlement and recovery." N.C.G.S. § 97-10.2.

**Am Jur 2d, Workmen's Compensation § 437.**

APPEAL by defendants from opinion and award entered 8 June 1989 by the North Carolina Industrial Commission. Heard in the Court of Appeals 10 April 1990.

The parties have stipulated to the following pertinent facts. Plaintiff was injured on 16 August 1984, while on the job and employed by defendant CECO Corporation. As a result of the accident, plaintiff is permanently paralyzed and permanently totally disabled. The parties are bound by the provisions of the North Carolina Workers' Compensation Act, and defendants have agreed to pay compensation, provide medical treatment, and are further obligated under G.S. § 97-25 to pay plaintiff's medical expenses incurred after 25 July 1988.

Pursuant to G.S. § 97-10.2, plaintiff and his wife brought an action against a third party, Louisville Ladder Division of Emerson Electric Company ("Emerson Electric"), seeking recovery for the injuries sustained in the 16 August 1984 accident. That action was filed in the United States District Court for the Western District of Kentucky. Defendants duly asserted their lien in the third party action in accordance with G.S. § 97-10.2. Although not parties to the third party action, defendants' lien interests in that action were presented by counsel.

Prior to trial of the third party action, plaintiff, his wife, and Emerson Electric entered into a settlement agreement in which plaintiff agreed, *inter alia*, to release Emerson Electric from all actions arising out of the 16 August 1984 accident. As consideration for plaintiff's release, Emerson Electric agreed, *inter alia*, to pay plaintiff and his attorneys the lump sum of $100,000.00 and further agreed to pay plaintiff, individually, the sum of $1,542.00 per month for the rest of plaintiff's life. Defendants consented to this settlement.

The settlement agreement was submitted to the federal district court for its approval. Following those proceedings, at which defendants were represented by counsel, Judge Thomas A. Ballan-

TURNER v. CECO CORP.

[98 N.C. App. 366 (1990)]

tine, Jr. entered an "Order Dismissing Settled" on 11 October 1988 which states in pertinent part:

> The parties further agree and the Court finds that at the time the settlement agreement was announced to the Court the plaintiff's employer and worker's compensation carrier agreed to waive any lien which they had as to the proceeds from this settlement and recovery. In consideration of said waiver by the employer and worker's compensation carrier, the plaintiffs agreed to waive their rights to pursue two disputed claims against the employer and the worker's compensation carrier. The first claim being an order by the North Carolina Industrial Commission requiring the employer and the worker's compensation carrier to furnish a house for the plaintiffs. The second claim being medical bills incurred to date by plaintiff Carlton Turner at the Medical College of Virginia in Richmond, Virginia, in an amount of approximately $90,000.

> . . .

> As a part of the agreement stated to the Court, Carlton Turner has not released in any way any claims against the employer and worker's compensation carrier for future compensation benefits and medical expenses . . . and the employer and worker's compensation carrier waived no rights concerning said benefits and expenses.

Following the settlement of the third party action, defendants filed their petition in the Industrial Commission seeking the Commission's approval of the third party compromise settlement and a determination that they were entitled to a lien in, or credit against, the $1,542.00 lifetime monthly payments payable to plaintiff by Emerson Electric on the grounds that such payments were future benefits. By order of 27 January 1989, the deputy commissioner approved the third party settlement, but denied defendants' petition for a lien or credit as to the monthly payments, concluding that defendants had waived all rights of liens against proceeds and recovery from the settlement and that the monthly payments were proceeds and recovery from the settlement and not future benefit payments. Defendants were also ordered to pay costs.

Defendants appealed to the full Commission. By its opinion and award entered 8 June 1989 affirming the order of the deputy commissioner, the Commission concluded that defendants inten-

TURNER v. CECO CORP.

[98 N.C. App. 366 (1990)]

tionally, and for adequate consideration, waived their lien pursuant to G.S. § 97-10.2 as to all proceeds of the settlement with Emerson Electric, whenever payable. The Commission again ordered defendants to pay costs.

Defendants appeal.

*Fields & Cooper, by Roy A. Cooper, III, for plaintiff-appellee.*

*Smith, Helms, Mullis & Moore, by Vance Barron, Jr. and Jeanne Rehberg, for defendant-appellants.*

WELLS, Judge.

An appeal from a decision of the Industrial Commission presents but two questions for review: (1) whether the evidence before the Commission supports its findings of fact and (2) whether the facts found sustain the Commission's conclusions of law. *McBride v. Peony Corp.*, 84 N.C. App. 221, 352 S.E.2d 236 (1987) (and cases cited therein). The parties stipulated to the facts in the proceedings held in the Commission, hence those facts are binding on appeal. *See Long v. Morganton Dyeing & Finishing Co.*, 321 N.C. 82, 361 S.E.2d 575 (1987). Thus, the sole issue before us is whether the stipulated facts support the Commission's conclusions of law.

Defendants bring forward five of their six assignments of error in a single argument challenging the denial of their petition for a lien in the monthly payments of $1,542.00 to be paid to plaintiff by Emerson Electric, the third party tortfeasor, pursuant to the settlement of that third party action. Defendants do not question the validity of either the settlement agreement resolving the third party action in Kentucky or their collateral agreement of waiver with plaintiff as reflected in the "Order Dismissing Settled." Rather, they contend that the terms of the agreements drew a dividing line through their lien such that defendants waived any lien which they had prior to the date of the settlement, but expressly reserved any lien which might arise in future benefits received by plaintiff after the date of the settlement. Defendants argue that because plaintiff is to receive the monthly payments after the date of the settlement agreement, such payments are "future benefits," and therefore they are entitled either to a lien therein equal to the amount of the monthly payments or to suspend or reduce their payment of compensation to plaintiff until the settlement proceeds are exhausted.

TURNER v. CECO CORP.

[98 N.C. App. 366 (1990)]

Plaintiff concedes that defendants did not waive any rights as to their statutory lien in future benefits. Plaintiff, however, vigorously contends that the lifetime monthly payments are proceeds of the third party settlement and that defendants therefore expressly waived their rights to assert any lien therein. We agree.

G.S. § 97-10.2 governs the respective rights and interests of an employee-beneficiary under the Workers' Compensation Act, the employer, and the employer's insurance carrier in cases where a common law action against a third party is brought. N.C. Gen. Stat. § 97-10.2(a) (1985). That statute provides in pertinent part:

> (h) In any proceeding against or settlement with the third party, every party to the claim for [workers'] compensation shall have a lien to the extent of his [statutory] interest . . . upon any payment made by the third party by reason of such injury or death, whether paid in settlement, in satisfaction of judgment, as consideration for covenant not to sue, or otherwise and such lien may be enforced against any person receiving such funds.

> . . .

> (j) . . . in the event that a settlement has been agreed upon by the employee and the third party when said action is pending on a trial calendar and the pretrial conference with the judge has been held, either party may apply to the . . . presiding judge before whom the cause of action is pending, for determination as to the amount to be paid to each by such third party tort-feasor. If the matter is pending in the federal district court such determination may be made by the federal district court judge of that division.

An agreement, approved by the Commission and otherwise valid, between the parties to a workers' compensation claim as to the distribution between them of proceeds recovered from a third party action is binding. See Swaney v. Construction Co., 5 N.C. App. 520, 169 S.E.2d 90 (1969); N.C. Gen. Stat. § 97-17.

The recital of consideration set forth in the settlement agreement between plaintiff and Emerson Electric states in pertinent part:

TURNER v. CECO CORP.

[98 N.C. App. 366 (1990)]

(a) The sum of $1,542.00 . . . shall be payable to Carlton Turner on the first day of each and every month, commencing October 1, 1988, and continuing for the life of Carlton Ray Turner.

The settlement agreement further states:

4. The Releasors agree and acknowledge payment of the sums specified in this . . . Agreement are accepted as a *full and complete compromise* of matters involving disputed issues[.] (Emphasis added.)

By the explicit terms of the agreement between plaintiff and Emerson Electric—to the making of which defendants have stipulated their consent—the lifetime monthly payments from Emerson Electric to plaintiff are plainly proceeds of the structured settlement reached in that third party action. The federal district court, after reviewing the settlement agreement and hearing extensive argument from all parties, including counsel for defendants, found that defendants had "agreed to waive any lien which they had *as to the proceeds from this settlement and recovery*." (Emphasis added.) Defendants' attempt to recharacterize the monthly payments as "future benefits" solely because these payments are to be received by plaintiff after the date of the settlement directly contradicts the express terms of both the settlement agreement and the "Order Dismissing Settled."

We conclude that the facts fully support the Commission's determination that defendants, by virtue of their waiver, are not entitled to a lien in the lifetime monthly payments due plaintiff from the third party action. The assignments of error subsumed under this issue are therefore overruled.

By their remaining assignment of error, defendants challenge that portion of the Commission's order requiring them to pay the costs associated with the hearing of this petition. We have carefully reviewed the record, discern no basis therein to sustain this assignment of error, and therefore we determine it to be without merit.

For the reasons stated, the opinion and award entered by the Commission is

Affirmed.

Judges EAGLES and GREENE concur.