JERRY L. HOLDEN, PLAINTIFF v. BARTLEY A. BOONE, DEFENDANT v. JOHN WILLIAMS PLUMBING, INC., AND BUILDERS MUTUAL INSURANCE COMPANY, INC., UNNAMED DEFENDANTS

No. COA01-1347

(Filed 1 October 2002)

**Workers' Compensation— liens—modification—authority**

The parties must apply to the Industrial Commission under N.C.G.S. § 97-17 to adjust a lien amount agreed to in a workers' compensation claim settlement approved by the Industrial Commission. In granting the superior court the discretion to determine subrogation amounts under N.C.G.S. § 97-10.2(j) to facilitate settlement of third party claims, the Legislature did not intend to undermine the authority of the Industrial Commission to do the same for workers' compensation claims.

Appeal by unnamed defendants from order entered 20 July 2001 by Judge William C. Gore in Brunswick County Superior Court. Heard in the Court of Appeals 22 August 2002.

*The Del Re' Law Firm, by Benedict J. Del Re', Jr., for plaintiff-appellee.*

*Lewis & Roberts, P.L.L.C., by A. Graham Shirley and John H. Ruocchio, for unnamed defendant-appellants.*

MARTIN, Judge.

The unnamed defendants, plaintiff's former employer and its workers' compensation insurance carrier, appeal from a superior court order decreasing their compensation lien against plaintiff's third-party recovery pursuant to G.S. § 97-10.2(j). Defendant Boone is not a party to this appeal.

On 6 March 1998, plaintiff was driving a van in the course of his employment with unnamed defendant-employer John Williams Plumbing, Inc. ("Williams Plumbing"), when he was rear-ended by defendant Boone. While there was $400.00 or less in damage to the van plaintiff was driving, plaintiff received personal injuries that required emergency room treatment and further medical care. Unnamed defendant-carrier Builders Mutual Insurance Company ("Builders Mutual") was the carrier on the risk at the time of the accident and accepted plaintiff's claim as a compensable injury by accident and began paying compensation pursuant to an I.C. Form 63.

After an initial diagnosis of neck strain by the emergency room physician, plaintiff received chiropractic treatment for neck pain but eventually had to undergo surgery for a cervical disc protrusion. As part of plaintiff's claim, Builders Mutual paid $12,266.46 in compensation for temporary total disability and $29,076.46 in medical bills. Based on a rating of 10 percent permanent partial disability of the cervical spine, plaintiff and Williams Plumbing and Builders Mutual entered into an Agreement of Final Settlement and Release ("the Agreement") on 13 May 1999. Under the terms of the Agreement, plaintiff received a lump sum payment of $15,000 and payment of all related medical bills up to the time of the Agreement. Under G.S. § 97-10.2, the temporary and permanent disability compensation and medical expenses paid by Builders Mutual would have provided Builders Mutual with a subrogation lien of $56,342.92. Recognizing the possibility of a third-party recovery against defendant Boone, the parties included the following provision in the Agreement:

> As a part of this settlement the Employer and Insurer agree to reduce their lien pursuant to G.S. 97-10.2 to a net of $24,151.00. The parties agree that, in the event of a third-party recovery, the Employer and Insurer will receive a total of $24,151.00, not subject to a reduction for counsel fees, costs or expenses and *not subject to reduction under G.S. 97-10.2(j)* (emphasis added).

The Agreement, which was executed after plaintiff had filed suit once against defendant Boone and taken a voluntary dismissal without prejudice, was approved by the Industrial Commission on 25 May 1999.

Plaintiff filed a second lawsuit against defendant Boone on 25 July 2000. As a result of mediation, plaintiff and Boone's insurance carrier, State Farm, reached a settlement in the amount of $30,000. Builders Mutual was present at the negotiations and refused requests to reduce its lien amount further. Due to this refusal, plaintiff moved the trial court to decrease Builders Mutual's lien pursuant to G.S. § 97-10.2(j). Plaintiff requested that the lien be reduced to $10,000 so that plaintiff, plaintiff's counsel, and Builders Mutual would each receive one-third of the recovery amount.

After a hearing on the motion, the trial court found·that since the Agreement had been executed, plaintiff had been diagnosed with a "more substantial disability." It also found that "a favorable recovery to the plaintiff if the matter had gone to trial was speculative based upon representations from counsels for Plaintiff and Defendant based upon possible contributory negligence on the part of the Chiropractor . . . ." Thus, the trial court reasoned that Builders Mutual stood to lose any chance of redeeming its lien if the jury verdict was for defendant Boone. The trial court entered an order decreasing Builders Mutual's lien in accordance with plaintiff's request.

Following the entry of the order decreasing the lien, plaintiff took a voluntary dismissal with prejudice of the civil claim against defendant Boone. Williams Plumbing and Builders Mutual submitted timely notice of appeal from the order.

---

Williams Plumbing and Builders Mutual challenge the trial judge's order decreasing their compensation lien on two grounds. First, they assert that the trial court had no jurisdiction to modify the terms of the Agreement, which had been approved by the Industrial Commission. Next, they argue that even if the trial court had the necessary jurisdiction to decrease the lien, its decision to do so was an abuse of discretion. We agree with appellants' first argument, and thus do not reach their second.

The primary question presented by this appeal is whether G.S. § 97-10.2(j) authorizes a superior court judge to override the terms of a settlement agreement approved by the Industrial Commission with

respect to an agreed-upon lien amount for the employer and carrier. The statute does not specifically address the rights of an employer or its carrier to enforce an agreement with the injured employee with respect to a lien upon proceeds of a recovery agreement with a third party. The statute provides:

> (j) Notwithstanding any other subsection in this section, . . . in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county. . . to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer. The judge shall consider the anticipated amount of prospective compensation the employer or . . . carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable, in determining the appropriate amount of the employer's lien.

Furthermore, there is no case precedent precisely on point in North Carolina. The general language of G.S. § 97-10.2(j) has been held to be clear and unambiguous, granting a trial judge authority to use its discretion in adjusting a compensation lien amount, even if the result is a double recovery for the plaintiff. *See Allen v. Rupard,* 100 N.C. App. 490, 397 S.E.2d 330 (1990). However, under the facts of this case, this subsection would appear to be in tension with the Industrial Commission's exclusive jurisdiction over settlements of workers' compensation claims. *See* N.C. Gen. Stat. § 97-10.1, 97-17 (2002).

Under G.S. § 97-17, parties to a workers' compensation claim may submit a settlement agreement to the Industrial Commission for approval. If approved by the Commission, the agreement is considered binding on the parties involved, and can only be set aside by the Industrial Commission upon a showing of "fraud, misrepresentation, undue influence, or mutual mistake." *Id.*; *Pruitt v. Knight Publishing Co.,* 289 N.C. 254, 221 S.E.2d 355 (1976). In particular, the statute provides that unless a party can make such a showing:

[n]o party to any agreement for compensation approved by the Commission shall deny the truth of the matters contained in the settlement agreement . . . .

N.C. Gen. Stat. § 97-17(a) (2002). Therefore, where a settlement agreement speaks specifically to the matter of the employer and carrier's lien, and the plaintiff-employee has agreed to the lien provision, G.S. § 97-17 indicates that the employee is bound by the agreement and only the Industrial Commission has jurisdiction to set it aside.

In *Turner v. CECO Corp.*, 98 N.C. App. 366, 390 S.E.2d 685 (1990), the plaintiff-employee sustained injuries while working for the defendant-employer for which a third-party tortfeasor was also potentially liable. The plaintiff and third party entered into a settlement agreement that was reviewed and approved by the trial court. The defendant-employer and carrier consented to this settlement and represented to the trial court that they had agreed to waive any lien they would have on the proceeds of the third-party settlement in exchange for the plaintiff's promise not to pursue two disputed compensation claims against the employer. However, at the same time the defendants submitted their agreement with the plaintiff to the Industrial Commission for approval, they also petitioned for a lien on the monthly payments plaintiff would receive under the third-party settlement. The Commission approved the settlement, but denied the defendants' petition for a lien. This denial was upheld on appeal, with this Court emphasizing that:

[a]n agreement, approved by the Commission and otherwise valid, between the parties to a workers' compensation claim *as to the distribution between them of proceeds recovered from a third party action* is binding.

*Id.* at 370, 390 S.E.2d at 688 (emphasis added).

Although the *Turner* case differs from the case at hand in that the lien-related request was put to the Commission rather than the trial judge, it does indicate that provisions of a settlement agreement approved by the Commission that limit or waive a lien are to be considered binding on the parties. *See id.* Moreover, if an employer and carrier will not be allowed to escape a waiver of their lien, it stands to reason that employees should be held to their agreement to a certain lien amount, especially where the parties specifically agreed it was "not subject to reduction under G.S. 97-10.2(j)."

## HOLDEN v. BOONE

[153 N.C. App. 254 (2002)]

In his brief, plaintiff points out that one of the factors a judge should consider under G.S. § 97-10.2(j) is the "likelihood of the plaintiff prevailing at trial" and that the judge in this case found that a favorable recovery for plaintiff was "speculative" given the possible intervening liability of plaintiff's chiropractor. Under these circumstances, plaintiff characterizes Builders Mutual's refusal to reduce their lien as "forcing" plaintiff to go to trial.

Although G.S. § 97-10.2(j) may have been intended in part to avoid just such a situation, in a case where the employee, employer, and carrier have agreed in advance as to the disposition of any lien, a carrier's insistence on the agreed-upon lien amount may be viewed as an insistence on receiving the benefit of the bargain previously struck with the employee. These bargains have been committed to the discretion of the Industrial Commission. N.C. Gen. Stat. § 97-10.1, 97-17. Were we to hold otherwise, the Commission's authority to approve settlement agreements in which rights to a lien are an essential element of the bargain would be undermined. Parties would no longer be able to have confidence that agreements as to compensation liens were binding and would thus lose this useful bargaining element. Lastly, parties such as the defendants in this case, stripped of their rights by a trial court, would have no recourse other than further litigation either to set aside the agreement and receive reimbursement of the settlement consideration from plaintiff, or for breach of contract against plaintiff. We do not imagine that in granting the superior court the discretion to determine subrogation amounts under G.S. § 97-10.2(j) to facilitate settlement of third party claims, the Legislature intended to undermine the authority of the Industrial Commission to do the same for workers' compensation claims.

We hold that in order to adjust a lien amount agreed to in a workers' compensation claim settlement approved by the Commission, the parties must apply to the Industrial Commission under G.S. § 97-17. Plaintiff may not use G.S. § 97-10.2(j) to make an end-run around the duly executed and Commission-approved Agreement. The superior court had no jurisdiction to adjust a lien amount agreed upon in such an agreement. The order appealed is vacated.

Vacated.

Judges TYSON and THOMAS concur.