***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Homick and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms, with minor modifications, the Opinion and Award of Deputy Commissioner Homick.
 *********** RULING ON EVIDENTIARY MATTER *Page 2 
On August 16, 2011, Plaintiff filed with the Industrial Commission her Motion to Submit Additional Information at the Hearing on September 19, 2011. Plaintiff's Motion was held in abeyance by Order of Chair Pamela T. Young filed on September 2, 2011. In its discretion, the Full Commission denies Plaintiff's Motion and declines to reopen the record to receive the additional evidence.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act and under the jurisdiction of the North Carolina Industrial Commission.
2. An employee/employer relationship existed between Employee-Plaintiff and Employer-Defendant on December 8, 2009.
3. Carrier-Defendant provided workers' compensation insurance coverage to Employer-Defendant on December 8, 2009.
4. Employee-Plaintiff has not returned to work for Employer-Defendant after her alleged injury on December 8, 2009.
5. The date of plaintiff's alleged injury is December 8, 2009.
6. The parties introduced the following documents, which were received into evidence:
 • Defendants' Exhibit 1: Industrial Commission Forms and Filings, Plaintiff's Medical Records and Expenses, Correspondence and Agreements (228 Pages); *Page 3 
 • Defendants' Exhibit 2: Pre-Trial Agreement;
 • Plaintiff's Exhibit 1: Industrial Commission Rules, Questions/Answers from Industrial Commission Website, Plaintiff's Medical Records, Event Report, Prescription Records, Insurance Information, Correspondence, and Industrial Commission Forms and Filings.
7. The issues for determination by the North Carolina Industrial Commission are as follows:
 a. Whether the Mediated Settlement Agreement entered into by the parties at mediation on May 21, 2010, is an enforceable compromise settlement agreement?
 b. Whether the Mediated Settlement Agreement is fair and just and in the best interest of all parties as contemplated under N.C. Gen. Stat. § 97-17(b) and/or Rule 502(1) of the Workers' Compensation Rules?
 ***********
Based upon the preponderance of the evidence in view of the entire record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On all relevant dates, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
2. All parties have been properly designated, and there is no question as to mis-joinder or non-joinder of the parties.
3. At all relevant times, OneBeacon Insurance Company was the carrier on the risk with Gallagher Bassett Services, Inc, as Third-Party Administrator. *Page 4 
4. At the time of the hearing before the Deputy Commission, Plaintiff was 46 years old. Plaintiff graduated from high school and attended college for approximately two years, studying culinary arts.
5. On July 11, 2009, plaintiff commenced work for defendant-employer, first as a home-saver counselor and later as a member services counselor.
6. Plaintiff alleges that she sustained an injury by accident while working for Defendant-Employer on December 8, 2009.
7. On December 10, 2009, Plaintiff completed a written statement for Defendant-Employer indicating that her position required her to be on her feet for long hours on December 5, 6 and 7, 2009, and that on December 8, 2009, her leg had become numb from her hip down to her knee and remained so as of December 10, 2009.
8. Also on December 10, 2009, Plaintiff presented to Dr. Tami Cannan of Meridian Medical Group. Thereafter, Plaintiff followed up with Dr. Cannan and sought treatment with a number of other physicians, including orthopedic specialist Dr. Matthew Ohl, to whom Plaintiff complained of pain that radiated down her left leg due to sitting and walking for long periods of time.
9. In a December 31, 2009 letter to Defendant-Employer, Plaintiff reiterated that she had been standing "from approximately 8:30 a.m. to 1:30 to 2:00 a.m." for several days and experienced numbness in her left thigh area.
10. Defendants commenced the payment of benefits to Plaintiff pursuant to an Industrial Commission Form 63 Notice of Payment to Employee of Compensation Without Prejudice or Payment of Medical Benefits Only Without Prejudice dated January 21, 2010. *Page 5 
11. Defendants subsequently filed an Industrial Commission Form 61 dated February 17, 2010. Defendants' Form 61 denies Plaintiff's claim of injury on December 8, 2009 and contends that the incident did not arise out of and in the course of employment and that there was no injury by accident.
12. An Industrial Commission Form 18 Notice of Accident to Employer filed on February 26, 2010 notes an injury to Plaintiff's back which occurred when she bent down to catch a heavy table that was falling on December 8, 2009.
13. On April 5, 2010, the North Carolina Industrial Commission appointed James W. Walker to conduct a mediated settlement conference with the parties.
14. The parties mediated the claim on May 21, 2010, with James W. Walker, serving as the mediator. Plaintiff was represented by Justice H. Campbell and Defendants were represented by Glenn E. Miller, Jr.
15. At the conclusion of the mediation, the parties reached an agreement to settle Plaintiff's workers' compensation claim, with Defendants agreeing to pay $14,400.00 to Plaintiff in consideration for Plaintiff knowingly and intentionally waiving her right to further benefits under the North Carolina Workers' Compensation Act for her alleged injury of December 8, 2009.
16. Plaintiff also agreed to execute a compromise settlement agreement to be submitted to the Industrial Commission for approval. Defendants agreed to pay Plaintiff's share of the mediator's fee. As Defendants disputed all medical expenses associated with Plaintiff's alleged injury on December 8, 2010, they did not agree to pay any of Plaintiff's medical expenses. *Page 6 
17. The mediated settlement agreement indicated that Plaintiff had not returned to work, that Defendants reasonably denied Plaintiff's claim and that the agreement was fair and in the best interest of all parties.
18. To finalize their agreement, the parties completed the Industrial Commission's Mediated Settlement Agreement Form on May 21, 2010.
19. Plaintiff subsequently refused to sign the compromise settlement agreement drafted by counsel for Defendants.
20. On July 2, 2010, Defendants filed an Industrial Commission Form 33 Request that Claim be Assigned for Hearing seeking enforcement of the Mediated Settlement Agreement.
21. On July 23, 2010, Mr. Campbell submitted a Motion for Leave to Withdraw from representation of Plaintiff which was subsequently granted by the Industrial Commission.
22. In connection with his Motion for Leave to Withdraw, Plaintiff's former counsel asserted a lien for attorney's fees and expenses totaling $3,434.24, associated with his services in this case.
23. The matter was set for hearing on Thursday, August 27, 2010, in Charlotte, North Carolina.
24. Plaintiff subsequently requested a continuance to secure legal representation and prepare for hearing. By Order filed August 23, 2010, the case was continued until October 2010.
25. Plaintiff filed complaints with the North Carolina State Bar Association against her former attorney, with the North Carolina Department of Insurance against the Defendant-Carrier and with the Dispute Resolution Commission against the mediator.
26. This case was reset for hearing on October 22, 2010 in Charlotte, North Carolina. Plaintiff again requested a continuance on the grounds that she was still attempting to secure *Page 7 
legal representation and was awaiting decisions from the various regulatory entities with which she had filed complaints.
27. By Order dated October 4, 2010, Plaintiff was granted a second continuance to the December 2010 hearing docket to allow her additional time to prepare her case. Defendants objected to this second continuance.
28. Plaintiff forwarded to the Industrial Commission a response from the Department of Insurance regarding alleged mishandling of Plaintiff's claim by Defendant-Carrier. In that response, the Department reported that Defendant-Carrier had responded to Plaintiff's complaints and that the answers provided appeared to indicate that the claim was processed and handled properly.
29. After the two continuances, this matter was heard on December 9, 2010, in Charlotte, North Carolina. Plaintiff testified regarding her injury at work and the general facts and circumstances relating to the settlement of the case. Plaintiff's husband also testified.
30. Although it was not provided for in the settlement agreement, Defendants agreed that they would be responsible for Plaintiff's outstanding medical expenses related to her alleged injury on December 8, 2009 which were incurred prior to their denial of the claim.
31. The mediated settlement agreement and the formal agreement of final settlement and release contain the language or findings required by Subsections (2) and (3) of Rule 502 of the Workers' Compensation Rules of the North Carolina Industrial Commission.
32. The Full Commission finds, in view of the entire record, that the evidence presented is insufficient to establish by the preponderance that Plaintiff was unreasonably forced or pressured by her former attorney or the mediator to sign the Mediated settlement agreement. *Page 8 
Moreover, there is no evidence that Defendants exerted undue influence or pressure upon Plaintiff to coerce her into signing a mediated settlement agreement that she did not understand.
33. The Full Commission further finds that Plaintiff has failed to establish any fraud, misrepresentation, undue influence, or mutual mistake related to her execution of the mediated settlement agreement and the settlement of her workers' compensation case.
34. Based upon the preponderance of the evidence in view of the entire record, the Full Commission finds that the mediated settlement agreement entered into by the parties and signed by Plaintiff on May 21, 2010 constitutes a valid contractual agreement and complies with Rule 502 of the Workers' Compensation Rules of the North Carolina Industrial Commission.
35. Based upon the preponderance of the evidence in view of the entire record, including the amount Plaintiff will receive in settlement of this denied workers' compensation claim, the Full Commission finds the settlement agreement resolving Plaintiff's claim to be fair and just and in the best interests of both parties.
36. Plaintiff's former counsel, Justice H. Campbell, has asserted a lien for attorney's fees and expenses totaling $3,434.24 for the services rendered to Plaintiff in this case. Mr. Campbell previously submitted to the Industrial Commission a detailed summary of charges outlining the work he performed and requested that, if the mediated settlement agreement were enforced and the settlement agreement approved, he be awarded a fee for his services in the amount of $3,434.24. This amount is less than 25% of the total settlement amount. This fee is found to be reasonable in this case.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches following: *Page 9 
 CONCLUSIONS OF LAW
1. The North Carolina Industrial Commission is not a court of general jurisdiction. It has no jurisdiction beyond that conferred upon it by statute. N.C. Gen. Stat. § 97-77; Bryant v. Dougherty,267 N.C. 545, 148 S.E.2d 548 (1966). The approval of settlement agreements in workers' compensation cases falls within the exclusive jurisdiction of the North Carolina Industrial Commission. N.C. Gen. Stat. § 97-17; Holden v. Boone,153 N.C. App. 254, 569 S.E.2d 711 (2002).
2. Plaintiff signed a valid and enforceable mediated settlement agreement on May 21, 2010. This agreement was a binding contract even though Plaintiff subsequently refused to sign the compromise settlement agreement. Compromise settlement agreements, including mediated settlement agreements, are governed by general principles of contract law. Lemly v. Colvard Oil Co.,157 N.C. App. 99, 577 S.E.2d 712 (2003).
3. To be in proper form, a compromise settlement agreement must be accompanied by copies of all pertinent medical and vocational rehabilitation records and a signed release of liability, and must meet the other requirements set forth in Rule 502 of the Workers' Compensation Rules of the North Carolina Industrial Commission. The compromise settlement agreement drafted by Defendants in this case was in proper form.
4. Plaintiff has failed to establish fraud, misrepresentation, undue influence, or mutual mistake related to the agreement. N.C. Gen. Stat. § 97-17(a); Glenn v. McDonald's,109 N.C. App. 45, 425 S.E.2d 727 (1993).
5. The $14,400.00 settlement amount reached by the parties reflected in the mediated settlement agreement and the compromise settlement agreement was fair and just and *Page 10 
in the best interest of all parties, as required by Rule 502 of the Workers' Compensation Rules of the North Carolina Industrial Commission and thus, should be approved.
6. Plaintiff's former attorney, Justice H. Campbell, who represented Plaintiff throughout the mediation process, is entitled to a reasonable attorney's fee of $3,434.24. N.C. Gen. Stat. § 97-90.
 ***********
Based upon the foregoing stipulation, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to a reasonable attorney's fee approved below, Defendant shall pay to Plaintiff $14,400.00 pursuant to the mediated settlement agreement entered into by the parties on May 21, 2010 and the terms of the compromise settlement agreement.
2. A reasonable attorney's fee of $3,434.24 of the compensation awarded herein is approved for Plaintiff's former counsel. Defendants shall pay this amount directly to Plaintiff's former Counsel from the amount awarded in paragraph 1 of this section.
3. Each side shall bear its own costs.
This the __ day of November, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING: *Page 11 
 S/_____________ STACI T. MEYER COMMISSIONER
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER *Page 1