HUNTLEY v. HASTY.

(Filed March 31, 1903.)

1. ARREST AND BAIL—*Provisional Remedies—Execution Against the Person—Assault and Battery—The Code, Secs. 260, 291—Acts 1891, Ch. 541.*

Where a complaint in an action for assault and battery sets out facts justifying an order of arrest, and such facts are essential to the claim of the plaintiff, the complaint being properly verified, the plaintiff is entitled to an execution against the person, after an execution against the property has been returned unsatisfied, though no affidavit or order of arrest had been made.

2. CLERKS OF COURTS—*Jurisdiction—Arrest and Bail—Execution Against the Person—Appeal—The Code, Secs. 254, 255.*

Where a clerk of the superior court refuses to issue an execution against the person of a judgment debtor, an appeal therefrom may properly be taken to the resident judge of the district.

ACTION by Charles Huntley against J. W. Hasty, heard by Judge *Walter H. Neal* and a jury, at October Term, 1902, of

the Superior Court of UNION County. From an order reversing the refusal of the clerk to grant an execution against the person, the defendant appealed.

*Redwine & Slack,* for the plaintiff.
*Armfield & Williams,* for the defendant.

MONTGOMERY, J. This action was brought to recover damages against the defendant for an alleged assault and battery with a deadly weapon—a pistol or metallic knuckles. The details of the battery are set forth in the complaint. There was a verdict for the plaintiff and a judgment thereon was duly entered. An execution in the ordinary form was issued against the property of the defendant, the homestead exemption laid off by the sheriff and no excess found liable to execution. Upon the return of the execution unsatisfied, the plaintiff applied to the clerk for an execution against the person of the defendant under Section 447 of The Code. The clerk refused the motion upon the grounds, first, that judgment was taken and docketed before any demand for an order of arrest; second, that the complaint made no demand for an order of arrest; third, the plaintiff accepted the judgment without an order of arrest, and fourth, that no affidavit accompanied the motion for the order of arrest. His Honor reversed the action of the clerk who had refused to grant the motion.

The case of *Peebles v. Foote,* 83 N. C., 102, is decisive of this case. The question is whether in such case execution can be issued against the person of a defendant without an order of arrest having been served before the judgment. The section of The Code under which the order of arrest was granted reads: "If the action be one in which the defendant might have been arrested, an execution against the person of the judgment debtor may be issued to any county within the State after the return of an execution against his property

unsatisfied in whole or in part.   But no execution shall issue against the person of a judgment debtor unless an order of arrest has been served as provided in Title Nine, Sub-Chapter 1, of this Chapter, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section 291." That section was amended by Chapter 541 of the Acts 1891 by the adding to the end of it these words, "whether such statement of facts be necessary to the cause of action or not." In *Peebles v. Foote, supra,* Ashe, J., for the court, said: "The section 260 (C. C. P.), under which the defendant was arrested, contemplates three classes: 1.   Where the cause of arrest is not set forth in the complaint.   2.   Where the cause of action is set forth in the complaint, but is only collateral and extrinsic to the plaintiff's cause of action; where the cause of arrest set forth in the complaint is essential to the plaintiff's action." Our case falls under the third class, and, as was said in *Peebles v. Foote, supra,* no affidavit for the order of arrest was needed, and no order of arrest is required before an execution may be issued against the person of the defendant, provided the complaint has been properly and sufficiently verified.   The complaint was properly verified in the case before us.   A cause of arrest was set forth in the complaint.   The Code, Sec. 291, sub-sec. 1; *Carroll v. Montgomery,* 128 N. C., 278; *Kinney v. Laughenour,* 97 N. C., 325.

The judge who made the order for the execution was the judge residing in the district, but was not the judge who was at that time holding the courts of the district, and, for that reason, the defendant contends that the order was void, the judge not having jurisdiction.   The question for decision before the clerk was a mere matter of law, and the appeal was properly sent up to the judge residing in the district. The Code, Sec. 254, 255.

No Error.