HOME HEALTH AND HOSPICE CARE, INC., AND CHARLES H. HARRELL v. ROBERT S. MEYER, CAROL DILDA, BEVERLY WITHROW, AND HOME HEALTH AND HOSPICE CARE I, LTD.

No. 878SC503

(Filed 22 December 1987)

Judgments § 30 — motion in the cause to modify consent judgment — no authority in trial court

The trial court had no authority to interpret or correct a "Memorandum of Judgment Settlement" pursuant to a motion in the cause. Defendants did not place on the motion the number of the rule pursuant to which the motion was made; the motion was surely not made pursuant to N.C.G.S. § 1A-1, Rule 60, the rule under which a party must move to attain relief from a judgment; and a declaratory judgment action may not be commenced by motion in the cause any more than an action to modify or reform a consent judgment.

Judge BECTON concurs in the result only.

APPEAL by defendants from *Strickland, Judge.* Order entered 16 February 1987 in Superior Court, WAYNE County. Heard in the Court of Appeals 7 December 1987.

The record discloses the following:

On 30 June 1986, the parties and their attorneys executed a paper writing designated by them as "Memorandum of Judgment

Settlement." The trial judge, after making numerous gratuitous recitals, signed the "Memorandum of Judgment Settlement." We quote this paper writing, in pertinent part, signed by all the parties including the judge:

1. That the defendants will cause to be paid to the plaintiff, Charles Harrell, individually, the sum of FIFTEEN THOUSAND ($15,000.00) DOLLARS, THIRTEEN THOUSAND, FIVE HUNDRED ($13,500.00) DOLLARS of which is to be treated as compensation for work performed, back pay, and vacation, FIFTEEN HUNDRED ($1,500.00) DOLLARS of which shall be paid as reimbursement for expenses incurred by the plaintiff.

2. In regard to the THIRTEEN THOUSAND, FIVE HUNDRED ($13,500.00) DOLLARS figure heretofore mentioned, the defendants will deduct therefrom Social Security taxes. Plaintiff will be solely responsible for any liability to the United States Government, Internal Revenue Service, and the North Carolina Department of Revenue for any income taxes due.

3. The defendant, Home Health and Hospice Care I, Ltd., and Home Health and Hospice Care, Inc., agree to purchase from the plaintiff, Charles H. Harrell, FIVE THOUSAND (5,000) shares of stock in Home Health and Hospice Care, Inc. for FIVE THOUSAND ($5,000.00) DOLLARS within ninety (90) days from today's date. The certificates of stock are to be held and not reissued or assigned (illegible initials) until FIVE THOUSAND ($5,000.00) DOLLARS has been paid and satisfied in full.

4. The defendants will cause to be paid within thirty (30) days any and all vested interest in any retirement accounts— that is any vested interest in said accounts in the name of Charles H. Harrell.

5. It is agreed by plaintiff that he has no vested interest in a TWENTY-FIVE THOUSAND ($25,000.00) deferred compensation plan which has yet this date to be approved by the Board of Directors by Home Health and Hospice Care, Inc.

6. That the plaintiff shall cause to be returned, any and all personal property held by him and owned by Home Health and Hospice Care, Inc., or Home Health and Hospice Care I, Ltd., said surrender to be within ten (10) days of today's date.

7. The plaintiff, will within ten (10) days resign as trustee of the heretofore mentioned retirement account, and resign all memberships in the non-profit corporations, Home Health and Hospice Care, Inc., and Home Health and Hospice Care I, Ltd. And, shall resign as officer or director of both corporations.

8. The defendants will hold harmless the plaintiff, Charles H. Harrell and/or wife, Faye Harrell, from any liability as accommodation maker, guarantor, surety, or maker of any outstanding indebtedness owed by Home Health and Hospice Care, Inc., or Home Health and Hospice Care I, Ltd., to a third party.

9. Any documents held by the plaintiff Charles Harrell that belong to Home Health and Hospice Care, Inc., and Home Health and Hospice Care I, Ltd., shall be returned, within ten (10) days to Home Health and Hospice Care, Inc., and Home Health and Hospice Care I, Ltd., and Home Health and Hospice Care, Inc., and Home Health and Hospice Care, I, Ltd., shall return any personal effects, documents, correspondence that Home Health and Hospice Care, Inc., and Home Health and Hospice Care I, Ltd., are holding to the plaintiff, Charles H. Harrell, within ten (10) days of today's date.

10. That both parties agree that they shall take a Voluntary Dismissal without prejudice as to all claims, and further agree that the one (1) year Statute of Limitations in regard to the Voluntary Dismissal will be waived, and placed therein a three (3) year Statute of Limitation on the Voluntary Dismissal.

11. Each party shall bear his, her, or its own costs in the matter.

The Court having been informed of the heretofore set out Settlement, accepts the same as a Judgment of the Court and the same is enforceable as in contempt.

This shall be executed in duplicate originals and a copy retained by the plaintiff's attorney, R. Gene Braswell, and the defendant's attorney, R. Michael Bruce, in lieu of being placed in a court file.

This the 30th day of June, 1986.

s/JAMES D. LLEWELLYN
James D. Llewellyn
Judge of Superior Court

CONSENTED TO:

s/CHARLES H. HARRELL
Charles H. Harrell, Plaintiff

s/ROBERT S. MEYER
Robert S. Meyer, Defendant

s/CAROL D. DILDA
Carol D. Dilda, Defendant

s/BEVERLY G. WITHROW
Beverly G. Withrow, Defendant

s/ROBERT S. MEYER
Home Health and Hospice Care I, Ltd.
By: Robert S. Meyer, Chairman

s/R. S. SHACKLEFORD MD
Home Health and Hospice Care, Inc.
By: R. S. Shackleford, President

s/R. GENE BRASWELL
R. Gene Braswell
Attorney for Plaintiff

s/R. MICHAEL BRUCE
R. Michael Bruce
Attorney for Defendants

On 13 November 1986, defendants, by and through their attorney R. Michael Bruce, filed a paper writing designated "Motion" which was served on plaintiffs and in pertinent part reads as follows:

Now comes Robert S. Meyer, Carol Dilda, Beverly Withrow, and Home Health and Hospice Care I, Ltd., defendants in the above action and move the court that the court declare and determine whether the Contract, labeled Exhibit A, attached hereto and hereby incorporated in this motion by

a reference, falls within the provisions of paragraph 8 of the Memorandum of Judgment Settlement dated June 30, 1986, such that the defendants Robert S. Meyer, Carol Dilda, Beverly Withrow, and Home Health and Hospice Care I, Ltd., are obligated to the plaintiff Charles H. Harrell with respect to said Contract, and enter an order that the defendants are not obligated under the terms of said Memorandum of Judgment Settlement dated June 30, 1986.

On 16 February 1987, after a hearing, the judge made detailed findings of fact and conclusions of law, and entered an order which is quoted below:

1. That the defendants shall pay all outstanding indebtedness owing and incurred by Charles H. Harrell to North Carolina National Bank of Mt. Olive, N. C. for the purchase of a Data Point Computer and software, said indebtedness being that indebtedness undertaken by Charles H. Harrell on behalf of the defendants on or about March 5, 1985.

That the defendants shall immediately pay any indebtedness that is in arrears for the purchase of the Data Point Computer system and software and shall keep such payments current henceforth.

Following defendants' notice of appeal on 26 February 1987, plaintiff Charles H. Harrell (Home Health and Hospice Care, Inc. is no longer a party) moved on 12 March 1987 to have the court order defendants to show cause why they should not be held in contempt of court for failure to make payments in accordance with the court's order. On 23 March 1987, in open court, another order was entered concluding as a matter of law that "the Order or [sic] this Court previously entered is still in full force and effect," and ordering payment by defendants.

Defendants appealed.

*Barnes, Braswell, Haithcock & Warren, P.A., by R. Gene Braswell, for plaintiff, appellee.*

*R. Michael Bruce for defendants, appellants.*

HEDRICK, Chief Judge.

Assuming, as the parties do, that the paper writing signed by the judge and consented to by the parties on 30 June 1986 and

called "Memorandum of Judgment Settlement" is a "consent judgment," we hold the trial court had no authority pursuant to the "motion in the cause" to interpret or construe the "consent judgment," and the order entered 16 February 1987 must be vacated.

Defendants did not place the number of the rule pursuant to which the motion of 13 November 1986 ("motion in the cause") was filed in violation of G.S. 1A-1, Rule 7(b)(1) which requires that the grounds for the motion must be stated. While failure to give the number of the rule is not necessarily fatal, it would be of great benefit to the trial court and this appellate court for counsel to name and number the rule pursuant to which the motion is made. Rule 60 is, of course, the rule pursuant to which a party must move to attain relief from a judgment. Defendants' motion is surely not made pursuant to Rule 60. Although defendants made the motion to obtain a construction of the "consent judgment," they are now satisfied to have the order entered pursuant thereto vacated since the court did not construe the "consent judgment" in the manner they desired. Plaintiffs, on the other hand, at oral argument, contended the order entered pursuant to the motion is something in the nature of an action for a declaratory judgment and that the court had authority to enter its order pursuant to G.S. 1-253. We disagree. A declaratory judgment is a separate and independent action to have the court "declare rights, status, and other legal relations, whether or not further relief is or could be claimed." G.S. 1-253. A declaratory judgment action may not be commenced by a motion in the cause, any more than can an action to modify or reform a consent judgment. *Holden v. Holden*, 245 N.C. 1, 95 S.E. 2d 118 (1956). Whether the "Memorandum of Judgment Settlement" is such an instrument as the court might construe and interpret rights of parties pursuant to declaratory judgment proceedings under G.S. 1-253 is not a question we need now consider or decide. Whether the "Memorandum of Judgment Settlement" is a judgment enforceable in any way need not be decided at this time; however, with respect to whether a civil judgment may be enforced by a contempt proceeding see *In re Will of Smith*, 249 N.C. 563, 107 S.E. 2d 89 (1959). Since the trial court, as we have already said, had no authority to construe or interpret pursuant to defendants' motion in the cause, it is neither necessary nor desirable that we consider whether the judge's interpretation was correct. Because

we are vacating the order appealed from, we need not consider any proceedings following the entry of such order.

Further proceedings in this matter, if any, must emanate from the fertile imagination of counsel.

Vacated.

Judge BECTON concurs in the result only.

Judge GREENE concurs.