MORLEY v. MORLEY

[102 N.C. App. 713 (1991)]

---

JOYCE MORLEY v. E. K. MORLEY

No. 9029SC331

(Filed 7 May 1991)

**1. Judgments § 55 (NCI3d) — motion to determine interest due on judgment — jurisdiction of superior court**

A superior court judge had jurisdiction to rule on plaintiff's motion for a determination of the amount of interest due on a judgment against defendant by answering a question

MORLEY v. MORLEY

[102 N.C. App. 713 (1991)]

of law as to how the clerk of superior court should allocate payments to principal and interest.

**Am Jur 2d, Interest and Usury § 59.**

**2. Judgments § 54 (NCI3d)— allocation of payments to principal and interest**

When payment on a judgment which has accumulated interest is not sufficient to satisfy both the principal and interest, the clerk should first allocate the payment to the interest due and then allocate the remainder to the principal. A payment equivalent to the principal amount originally due does not halt the accrual of interest on the amount of principal remaining due after the payment has been properly allocated.

**Am Jur 2d, Interest and Usury §§ 96, 99.**

Chief Judge HEDRICK dissenting.

APPEAL by defendant from *Judge Hollis M. Owens.* Judgment entered 28 December 1989 in Superior Court, HENDERSON County. Heard in the Court of Appeals 3 December 1990.

The record before us discloses the following: On 30 September 1986, Judge Snepp in Superior Court entered a judgment that "the plaintiff have and recover of the defendant the sum of $29,245.00, together with interest thereon, at the rate of 8% per annum from June 21, 1985 until paid."

Pursuant to that order, the plaintiff received $29,245.00 as full payment of the principal due on or about 3 October 1986, through the clerk's office. The defendant appealed that part of the judgment ordering payment of the statutory interest of 8% per annum. The defendant did not prevail in that appeal. The defendant paid $3,006.22 on 23 March 1988.

The plaintiff contends that the defendant owed $29,245.00 principal and $3,006.22 interest on 3 October 1986 so that when he paid $29,245.00, $3,006.22 of that should have been credited toward interest. Plaintiff argues that the balance left was $3,006.22 of which accumulated 8% interest until 23 March 1988, amounting to $350.28. From that judgment, the defendant appeals.

*John E. Shackelford for plaintiff appellee.*

*E. K. Morley, pro se, for defendant appellant.*

MORLEY v. MORLEY

[102 N.C. App. 713 (1991)]

LEWIS, Judge.

## Jurisdiction

[1] Though neither party raises the issue, the dissent finds this Court without jurisdiction. We believe the case is properly before us.

The only dispute in this case is how to compute the interest on the judgment by Judge Snepp which was filed in the clerk's office on 30 September 1990. After the judgment was filed and $29,245.00 was paid into the clerk's office on 3 October 1986, the clerk applied all of the payment to principal, allocating none to the $3,006.22 then due and owing in interest. Later on 23 March 1988, the defendant tendered the $3,006.22 as full interest due. The plaintiff wrote the clerk informing him that additional interest was due. The record contains a letter from the clerk to the plaintiff containing in part, the following: "[a]s I disagree with your definition [of simple interest], I feel it imperative that you bring this matter before the Superior Court Judge for an order to settle our differences."

The plaintiff filed a motion asking the Superior Court to determine the amount of interest due on the judgment. The motion was calendared before Judge Owens, Resident Superior Court Judge in Henderson County, at the request of the defendant. The motion was heard on 21 August 1989. Judge Owens signed a judgment 28 December 1989 which was filed 5 January 1990. The judgment ordered the defendant to pay the plaintiff an additional $350.28.

Although the motion filed by the plaintiff also asked the court to require the clerk to issue execution, the motion in its final prayer to the court only asked the court to determine the amount of interest due. The amount of interest due would determine if the defendant owed an additional amount of money to the plaintiff. Thus, the court's final decision impacted both named parties. In his order, Judge Owens did not require execution on the judgment but only addressed the issue of the amount of interest due on the judgment, as that was the issue in controversy. Therefore, we note that this case does not involve an appeal of a refusal of the clerk to issue execution, but instead, a dispute over the correct way to calculate interest. See *Huntley v. Hasty*, 132 N.C. 279, 43 S.E. 844 (1903). We also note that we need not address whether the plaintiff properly appealed from a judgment of the

clerk in compliance with N.C.G.S. § 1-272, as we do not consider the clerk's calculations to be an "order or judgment of the clerk."

We are mindful of *Home Health and Hospice Care, Inc. v. Meyer*, 88 N.C. App. 257, 362 S.E.2d 870 (1987) (holding that a Superior Court judge had no authority to construe or interpret a specific provision of a consent judgment pursuant to defendants' motion in the cause), but find it distinguishable. Here, the Superior Court Judge answered a question of law as to how the clerk of superior court should calculate interest on judgments. Although the duty to keep record of judgments owing lies first with the clerk pursuant to Chapter 7A of the North Carolina General Statutes, when a dispute arises over the correct method that the clerk should implement such a commonly performed ministerial duty, recourse should be available to the plaintiff to return to Superior Court to construe the order. We are well aware that no judge can change, abrogate or overrule another judge of the same court. This case does not involve such action.

The Proper Method of Calculation

[2] The defendant contends that the trial court erred in allowing the plaintiff to collect "interest on interest." The trial judge ordered that the original order, requiring interest of eight percent per annum, included an additional $350.28 covering the interest due on the remaining balance. This case presents us with a question of how one should allocate the funds when payment is made on a debt which has accumulated interest but the payment is not high enough to satisfy the principal and interest. The defendant claims that since the payment on 3 October 1986 was equivalent to the principal amount originally due ($29,245.00), that such payment should halt the accrual of interest. We disagree. In order to encourage debtors to pay the entire amount due and in the interest of fairness, when payments are made on a judgment debt, the clerk should first allocate the payment to the interest due. The remainder of the payment should be allocated to the principal. In the case at hand, we find the following calculations to be the correct manner:

Due June 21, 1985 ................................. $29,245.00
(interest begins accruing)

Due October 3, 1986 .............................. $32,251.22

## MORLEY v. MORLEY

[102 N.C. App. 713 (1991)]

($29,245.00 principal & $3,006.22 interest: 469 days total interest at $6.409863 per day = $3,006.2257 in interest)

October 3, 1986 defendant paid....................$29,245.00

(allocate $3,006.22 to the interest on total debt and allocate remaining $26,238.78 to principal, leaving $3,006.22 in principal on which interest begins accruing)

Due March 23, 1988...............................$3,359.38

($3,006.22 principal & $353.16 interest: 536 days total interest at $.6588975 per day = $353.16906 in interest)

March 23, 1988 defendant paid.....................$3,006.22

(allocate $353.16 to interest on the debt and allocate remaining $2653.06 to principal, leaving $353.16 in principal on which interest begins accruing)

The trial court's ruling that $350.28 balance due remained owing is within three dollars of our calculations. We hold that the difference is negligible and perhaps due to the factoring in of a leap year or calculating to the nearest decimal. Thus, we affirm the trial court's ruling.

The defendant contends that the trial court failed to make the required findings of fact and thus, made an unsubstantiated conclusion of law. We hold that the finding that $350.28 was due and owing was sufficient.

Affirmed.

Judge WYNN concurs.

Chief Judge HEDRICK dissents.

Chief Judge HEDRICK dissenting.

The majority seems to dismiss the jurisdictional question by stating, "[a]lthough the duty to keep record of judgments owing lies first with the clerk pursuant to Chapter 7A of the North Carolina General Statutes, when a dispute arises over the correct method that the clerk should implement such a commonly performed ministerial duty, recourse should be available to the plaintiff to return to Superior Court to construe the order." I note the majority cites no authority for the foregoing sentence.

The motion in the cause filed 12 July 1988 giving rise to the judgment from which defendant appealed appears in the record as follows:

NOW COMES the Plaintiff herein and moves the Court for an Order requiring of the Clerk that they issue execution herein for the collection of the balance of the Judgment, and in support of said Motion, shows unto the Court as follows:

1. That a Judgment was heretofore entered herein requiring of the Defendant to pay the sum of $29,245.00 together with interest thereon from June 21, 1985.

2. That the Plaintiff contends that as of March 1, 1988, there was due the sum of $3,404.83, and the Defendant contends that there was due on said date the sum of $3,006.22, and has paid said amount into the Court.

3. That the Clerk of the Superior Court of Henderson County has advised the Plaintiff's attorney that he will not issue execution for the remaining amount due.

4. That said action on the part of the Defendant and the Clerk of the Superior Court is without justification and is done in an attempt to deprive the Plaintiff of her rights and has necessitated the Plaintiff hiring attorneys to pursue this matter.

5. That said conduct, together with the conduct of the Defendant herein in failing to previously pay this Judgment and taking advantage of his position as an attorney in this Court and in appealing this matter is flagrant and willful and constitutes an abuse of process, and therefore the Defendant should be required to pay the Plaintiff's attorney's fees.

WHEREFORE, the Plaintiff prays that the Court determine the amount of interest due on said Judgment; that the Defendant be required to pay the Plaintiff's attorney's fees; for such other and further relief as to the Court seems just and proper.

Neither plaintiff in its motion, nor the majority in its opinion refers us to any rule pursuant to which the motion was made. I am unaware of any rule authorizing any judge, pursuant only to a motion in the cause, to interpret or construe a judgment entered more than 21 months before the motion in the cause was filed, and to enter another judgment "that the Plaintiff have and

recover of the Defendant the additional sum of $350.28." *Home Health and Hospice Care, Inc. v. Meyer*, 88 N.C. App. 257, 262 S.E.2d 870 (1987). *Roach v. Smith*, see opinion filed 2 April 1991.

The record clearly discloses that defendant paid to the clerk the full amount of the judgment including the interest as calculated by the clerk. The clerk wrote plaintiff that he had collected the full principal sum and interest, but plaintiff disagreed with the amount of the interest. At that point the controversy was between plaintiff and the clerk of superior court. Defendant had absolutely nothing to do with it. Plaintiff did not pay the fees and request the clerk to issue execution to collect the judgment as provided by G.S. 1-305, plaintiff instead filed the motion in the cause heretofore set out. The judgment appealed from interferes with the ministerial duties of the clerk. In my opinion the judge of the superior court had no authority to entertain and allow the motion in the cause. When notice of appeal is timely given from a judgment, or if notice of appeal is not timely given and the time for giving notice of appeal expires, the trial court is *functus officio* to alter, interpret, or enter another judgment in the same case except pursuant to a motion made under Rule 60. The motion made here by plaintiff was not pursuant to Rule 60.

I vote to vacate the judgment from which this appeal was taken.