SHONDA ALSTON, Plaintiff-Appellee v. FEDERAL EXPRESS CORP. and SEDGWICK CMS, Defendants-Appellants

No. COA09-115

(Filed 20 October 2009)

**1. Workers' Compensation— statutory lien—amount—subject matter jurisdiction—Rule 60(b) relief**

The trial court had subject matter jurisdiction to enter an amended order in an action to determine the amount of defendants' statutory workers' compensation lien. Rule 60(b) relief is within the sound discretion of the trial court, the court's intentions about the distribution of attorney fees is not clear from the record, and subsequent correspondence by the parties suggested that neither the parties nor the Industrial Commission could agree on how to interpret the court's order.

ALSTON v. FED. EXPRESS CORP.

[200 N.C. App. 420 (2009)]

**2. Workers' Compensation— lien—statutory—attorney fees**

The trial court erred in an action to determine the amount of a workers' compensation lien by awarding attorney fees under N.C.G.S. § 97-10.2(j). Attorney fees are not allowed as a part of the costs in civil actions or special proceedings without express statutory authority and N.C.G.S. § 97-10.2(j) does not authorize an award of attorney fees as part of the costs of third-party litigation.

**3. Workers' Compensation— lien—findings**

The trial court erred by failing to consider and make findings as to factors that must be considered pursuant to N.C.G.S. § 97-10.2(j). Although the statute gives the court the discretion to adjust the amount of a workers' compensation lien, the court must make findings and conclusions sufficient for meaningful appellate review.

Appeal by defendants from order entered 17 July 2008 by Judge A. Leon Stanback, Jr. in Durham County Superior Court. Heard in the Court of Appeals 20 August 2009.

*James E. Rogers, P.A., by James E. Rogers, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, LLP, by Roy G. Pettigrew and Meredith Taylor Berard, for defendants-appellants.*

CALABRIA, Judge.

Federal Express Corp. ("FedEx") and Sedgwick CMS (collectively "defendants") appeal from an amended order entered 17 July 2008, setting the amount of defendants' workers' compensation lien pursuant to N.C. Gen. Stat. § 97-10.2(j) (2007). We vacate in part, reverse in part, and remand for further findings.

I. Procedural History

Shonda Alston ("plaintiff") was working as a courier for FedEx when she was involved in an automobile collision in Durham County on 24 November 2004. The driver of the other automobile, an employee with the North Carolina Department of Transportation ("NCDOT"), failed to reduce his speed and crashed into the rear of plaintiff's FedEx vehicle. Plaintiff sustained multiple injuries, including an injury to her left knee. According to plaintiff's treating physician, she will eventually need a total knee replacement.

As a result of plaintiff's injuries, defendants paid $51,789.06 in medical expenses, $32,886.78 in wage benefits, and a $142,500.00 settlement of the workers' compensation claim. Plaintiff resolved her State Tort Claim against NCDOT by entering into a settlement agreement for $300,000.00 ("the third-party settlement"). After deducting attorney's fees, plaintiff estimated the amount of her recovery was $198,400.00.

On 16 August 2007, plaintiff filed an application in Durham County Superior Court, pursuant to N.C. Gen. Stat. § 97-10.2(j) (2007), to determine the amount, if any, of defendants' statutory lien. On 12 October 2007, the trial court entered an order reducing defendants' lien to $50,000.00. The order did not mention any amount for attorney's fees.   .

Plaintiff submitted to the North Carolina Industrial Commission ("the Commission") a proposed order to distribute the third-party settlement proceeds. On 20 March 2008, the Commission entered an order finding and concluding that defendants were entitled to a statutory lien of $50,000.00. Plaintiff filed a Motion for Reconsideration with the Commission on 28 March 2008, asserting that it was the intention of the trial court to reduce defendants' lien by the amount of plaintiff's attorney's fees. On 22 April 2008, the Commission filed an order staying its disbursement order pending a further ruling on the proper distribution of the third-party settlement funds.

On 28 May 2008, plaintiff filed a Motion to Clarify the Order Setting the Amount of Workers' Compensation Lien ("Motion to Clarify") in Durham County Superior Court. On 17 July 2008, the trial court entered an Amended Order. The only change from the original order was the addition of a single conclusion of law, that defendants "shall pay [their] share of attorney fees." Defendants appeal.

## II.  Jurisdiction

[1] Defendants argue that the trial court was without subject matter jurisdiction to enter its amended order. We disagree. "[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal *de novo*." *Ales v. T. A. Loving Co.*, 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004).

Although plaintiff does not cite any particular rule of civil procedure in her "Motion to Clarify," it appears to be a motion for relief from the trial court's original order. Rule 60(b) of the North Carolina

Rules of Civil Procedure allows the trial court, upon appropriate motion, to:

> relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) The judgment is void; (5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2007). Additionally,

> If the motion does not allege factual allegations corresponding to the specific situations contemplated in clauses (1) through (5), subsection (6) serves as a grand reservoir of equitable power by which a court may grant relief from an order or judgment. The expansive test by which relief can be given under subsection (6) is whether (1) extraordinary circumstances exist and (2) there is a showing that justice demands it.

*In re Oxford Plastics v. Goodson*, 74 N.C. App. 256, 259, 328 S.E.2d 7, 9 (1985) (internal quotations and citations omitted). "The purpose of Rule 60(b) is to strike a proper balance between the conflicting principles of finality and relief from unjust judgments. Generally, the rule is liberally construed." *Carter v. Clowers*, 102 N.C. App. 247, 254, 401 S.E.2d 662, 666 (1991) (citations omitted). The motion for relief from a judgment or order made pursuant to Rule 60(b) is within the sound discretion of the trial court and the trial court's decision will not be disturbed absent an abuse of that discretion. *Oxford*, 74 N.C. App. at 259, 328 S.E.2d at 9. In the instant case, it is unclear whether the trial court's initial order intended the reduction of the lien to $50,000.00 as a final reduction or whether the lien was to be further reduced for attorney's fees. Although the trial court's intentions regarding the distribution of attorney's fees is not clear from the record, subsequent correspondence by the parties suggested that neither the parties nor the Commission could agree on how to interpret the trial court's order. Pursuant to Rule 60(b)(6)'s "grand

reservoir of equitable power," the trial court had jurisdiction to revisit its order so that its intentions could be made clear. This assignment of error is overruled.

### III. Attorney's Fees

**[2]** Defendants argue that an award of attorney's fees is not authorized by N.C. Gen. Stat. § 97-10.2(j). We agree.

"[A] successful litigant may not recover attorneys' fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute." *Southland Amusements & Vending, Inc. v. Rourk*, 143 N.C. App. 88, 94, 545 S.E.2d 254, 257 (2001) (internal quotations omitted). The general rule in North Carolina is that attorney's fees are not allowed as a part of the costs in civil actions or special proceedings, unless there is express statutory authority for fixing and awarding the attorney's fees. *Bowman v. Chair Co.*, 271 N.C. 702, 704, 157 S.E.2d 378, 379 (1967) (citations omitted).

Plaintiff's action was brought pursuant to N.C. Gen. Stat. § 97-10.2(j), which states, in relevant part: "the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer." N.C. Gen. Stat. § 97-10.2(j) (2007). There is no express authority in N.C. Gen. Stat. § 97-10.2(j) that provides an award of attorney's fees as part of the costs of third-party litigation.

In the instant case, the trial court awarded plaintiff attorney's fees because it considered attorney's fees to be included in the cost of the plaintiff's third-party settlement litigation. In the absence of any express authority to award attorney's fees, this portion of the trial court's order was erroneous as a matter of law. The portion of the trial court's order granting plaintiff the payment of a portion of her attorney's fees by defendants is vacated.

### IV. Remainder of the Amended Order

**[3]** Defendants argue the trial court erred by failing to consider and make findings in its order as to factors that must be considered pursuant to N.C. Gen. Stat. § 97-10.2(j). We agree.

The trial court has discretion under N.C. Gen. Stat. § 97-10.2(j) to adjust the amount of a workers' compensation lien, even if the result

is a double recovery for the plaintiff. *Holden v. Boone*, 153 N.C. App. 254, 257, 569 S.E.2d 711, 713 (2002). However, "the discretion granted [to the trial court] under G.S. § 97-10.2(j) is not unlimited; 'the trial court is to make a reasoned choice, a judicial value judgment, which is factually supported . . . [by] findings of fact and conclusions of law sufficient to provide for meaningful appellate review.' " *In re Biddix*, 138 N.C. App. 500, 504, 530 S.E.2d 70, 72 (2000) (quoting *Allen v. Rupard*, 100 N.C. App. 490, 495, 397 S.E.2d 330, 333 (1990). Pursuant to N.C. Gen. Stat. § 97-10.2(j),

> [t]he judge shall consider the anticipated amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable, in determining the appropriate amount of the employer's lien.

N.C. Gen. Stat. § 97-10.2(j)(2007) (emphasis added).

> Although we have held that there is no mathematical formula or set list of factors for the trial court to consider in making its determination, it is clear from the use of the words "shall" and "and" in subsection (j), that the trial court *must, at a minimum, consider the factors that are expressly listed in the statute.* Otherwise, such words are rendered meaningless.

*In re Estate of Bullock*, 188 N.C. App. 518, 526, 655 S.E.2d 869, 874 (2008) (internal citation omitted) (emphasis added). In the instant case, there are no findings of fact in the trial court's order for the following mandatory statutory factors: (1) the net recovery to plaintiff; (2) the likelihood of plaintiff prevailing at trial or on appeal; and (3) the need for finality in the litigation. The findings provided in the trial court's order are insufficient to determine "whether the court properly exercised its discretion or if it acted under a misapprehension of law" when it reduced the amount of defendants' lien. *Id.* at 527, 655 S.E.2d at 875. As a result, the trial court's order must be reversed and remanded for additional findings.

The record on appeal includes an additional assignment of error by defendants and a cross-assignment of error by plaintiff not addressed in their respective briefs to this Court. Pursuant to N.C.R. App. P. 28(b)(6) (2008), we deem them abandoned and need not address them.

Vacated in part, reversed in part, and remanded for additional findings.

Judges BRYANT and ELMORE concur.