Poulos v. Poulos, 2017 NCBC 49.

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND

MARIA HONTZAS POULOS,
            Plaintiff,

    v.

JOHN E. POULOS, M.D.; ICARIAN
PARTNERS, LLC; MEEJ, LLC, JEP
INVESTMENTS, LLC,OCIE F.
MURRAY JR. as Trustee of the John
E. Poulos Family Trust; EMANUEL
POULOS, as Named Beneficiary of
the John E. Poulos Family Trust; and
ELIZABETH POULOS, as Named
Beneficiary of the John E. Poulos
Family Trust,
            Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 1116

**ORDER ON MOTION TO CLARIFY,
MOTION FOR RECONSIDERATION,
AND MOTION TO REVISE SUMMARY
JUDGMENT ORDER**

THIS MATTER comes before the Court on Defendants John E. Poulos, M.D.,

Icarian Partners, LLC, MEEJ, LLC, JEP Investments, LLC, and  Ocie F. Murray,

Jr.'s, as trustee of the John E. Poulos Family Trust (collectively "Defendants") Joint

Motion for Clarity ("Motion to Clarify"), Plaintiff's Motion for Reconsideration of

Summary Judgment Ruling ("Motion for Reconsideration"), and the Court's Motion

pursuant to North Carolina Rule of Civil Procedure ("Rule(s)") 54(a) to revise the

Summary Judgment Order (the "Court's Motion) (collectively, the Motion to Clarify,

Motion for Reconsideration, and Court's Motion are referred to as the "Motions").  The

Motions relate to the Court's Opinion and Order on Motion for Summary Judgment

issued on September 26, 2016 ("SJ Order").

The Motions are now ripe for determination, and Pursuant to Rule 7.4 of the

General Rules of Practice and Procedure for the North Carolina Business Court

("BCR"), the Court decides the Motions without a hearing.

THE COURT, having considered the Motion to Clarify and Motion for Reconsideration, the briefs in support of and opposition to those motions, the Court's Motion, and other appropriate matters of record, FINDS and CONCLUDES that the Motion to Clarify should be GRANTED, in part, and DENIED, in part, the Motion for Reconsideration should be DENIED as MOOT, and the Court's Motion should be GRANTED, and hereby clarifies, revises, and vacates the SJ Order as set forth below.

## I.      *Procedural Background.*

1.      In February, 2016 John E. Poulos, M.D. ("Dr. Poulos"), Icarian Partners, LLC ("Icarian"), MEEJ, LLC ("MEEJ"), JEP Investments, LLC ("JEP") (collectively, Dr. Poulos, Icarian, MEEJ, and JEP are referred to as the "Poulos Defendants") and Ocie F. Murray, Jr., as trustee of the John E. Poulos Family Trust ("Trust Defendants"), respectively filed separate motions for summary judgment seeking dismissal of all claims raised by Plaintiff in this lawsuit ("Defendants' motions for summary judgment"). Defendants Emanuel Poulos and Elizabeth Poulos were included in this action as nominal parties only "due to their status as beneficiaries of the Trust" (Amended Compl. ¶ 9,) and did not move for summary judgment.

2.      On September 26, 2016, the Court issued the SJ Order granting, in part, and denying, in part, Defendants' motions for summary judgment.

3.      This matter is scheduled for a trial by jury beginning August 7, 2017.

4.      On March 31, 2017, Defendants filed the Motion to Clarify. Defendants seek an order from this court clarifying and interpreting three issues regarding the SJ Order:

a. Whether the MEEJ and JEP transfers, as defined in the Order, are the only transactions remaining at issue respecting Dr. Poulos, individually;

b. Whether the Court found Poulos to have been the 100% owner of Icarian at the time of the transfers at issue in this action; and

c. Whether, if Plaintiff is able to establish a claim for relief under NCGS § 39-23.4(a)(1), the Trust remains a party to this action (in more than a nominal fashion) under NCGS § 39-23.8(b)(1).

(Mot. to Clarify ¶ 3.)

5. Plaintiff filed a response in opposition to the Motion to Clarify, and Defendants filed a reply.

6. On April 25, 2017, Plaintiff filed the Motion for Reconsideration. The Motion for Reconsideration contends that in the SJ Order the Court "found as a matter of law that defendant John E. Poulos, M.D. [ ] owned 100% of defendant Icarian Partners, LLC" when he made certain transfers of assets at issue in this lawsuit. (Mot. to Reconsider ¶ 1.) Plaintiff asks the Court to reconsider the SJ Order and issue an order finding instead that an issue of fact exists as to whether John E. Poulos, M.D. owned 100% of Icarian. Defendants filed a response in opposition to the Motion for Reconsideration, and Plaintiff filed a reply.

7. In its review of the Motions to Clarify and for Reconsideration, the Court determined that reason existed to make its own motion, sua sponte, to vacate a portion of the SJ Order and seek further briefing from the parties regarding certain issues.

## II.    Analysis.

8.    Defendants have not specified under what North Carolina Rule of Civil Procedure ("Rules") they seek clarification of the SJ Order. Nevertheless, Rule 54(a) provides, in relevant part, that "in the absence of entry of [ ] a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." In addition, "[p]ursuant to Rule 60(b)(6)'s 'grand reservoir of equitable power,' the trial court ha[s] jurisdiction to revisit its order so that its intentions [can] be made clear." *Alston v. Fed. Express Corp.*, 200 N.C. App. 420, 423–24, 684 S.E.2d 705, 707 (2009); *cf. Taidoc Tech. Corp. v. OK Biotech Co., Ltd.*, 2014 NCBC LEXIS 49, *7 (citing *Morley v. Morley*, 102 N.C. App. 713, 716, 403 S.E.2d 574, 575 (1991)) (noting that a trial court has "the authority to interpret, construe and enforce the [prior] Order according to its terms.")

9.    Plaintiff seeks reconsideration of the SJ Order under Rule 54(a).

10.    The Court concludes that since the SJ Order did not adjudicate all of the claims and rights of the parties in this action, the Court has broad authority under Rules 54(a) to clarify, reconsider, and revise the SJ Order prior to final judgment.

11.    Given the nature of the relief requested in the respective Motions, the Court will consider and decide them together.

**A. The Claims against Dr. Poulos remaining for trial are Plaintiff's claims for breach of fiduciary duty and fraud regarding the MEEJ and JEEP Transfers, and Plaintiff's claim under the UVTA, N.C.G.S. § 39-23.4(a)(1).**

12. The claims in this case involve the allegedly improper transfers of assets by Dr. Poulos from and between MEEJ, JEP, and Icarian, and between Dr. Poulos, Icarian, and Trust Defendants.

13. In the SJ Order, the Court identified the four transfers at issue as: the MEEJ Transfers, the JEP Transfer, the Trust Transfer, and the Maria Transfer (collectively, the MEEJ Transfers, JEP Transfer, and Trust Transfer are referred to as the "Transfers"). The SJ Order defined the MEEJ Transfers as the real property deeded by MEEJ to Icarian on January 28, 2011 (SJ Order ¶ 8,) and the JEP Transfer as the real property deeded by JEP to Icarian on January 28, 2011. (SJ Order ¶ 9.) The SJ Order defined the Trust Transfer as the transfer of a 90% interest in Icarian into the Trust on February 11, 2011. (SJ Order ¶ 11.) The Maria Transfer was defined as Dr. Poulos's transfer of 5% interests in Icarian to Plaintiff and Dr. Poulos, respectively, on February 11, 2011. (SJ Order ¶ 12.)[1]

14. As a preliminary matter, the answer to Defendants' first question as specifically stated in their Motion to Clarify, "[w]hether the MEEJ and JEP transfers, as defined in the Order, are the only transactions remaining at issue respecting Dr. Poulos, individually," as Defendants appear to recognize, is "no." (Defs.' Br. Supp. Mot. to Clarify 5–6.) Plaintiff's claim under the Uniform Fraudulent Transfer Act

---

[1] The SJ Order GRANTED summary judgment to Defendants as to the claims arising from the Maria Transfer, and the parties do not seek clarification regarding these claims.

(changed in 2015 to the Uniform Voidable Transactions Act, hereinafter referred to as the "UVTA"), specifically G.S. § 39-23.4(a)(1), regarding the Trust Transfer, MEEJ Transfers, and JEP Transfer also remains against Dr. Poulos. (SJ Order ¶¶ 47–50.)

15. Plaintiff does not dispute that the only claims for breach of fiduciary duty and fraud remaining against Dr. Poulos in the case are those arising from the MEEJ and JEP Transfers. Instead, Plaintiff contends that the MEEJ Transfers, in addition to the transfers of real property on January 28, 2011, should also include transfers of "substantial amounts of security investments from MEEJ to Icarian" between June 2012 and April 2013. (Pl.'s Resp. Opp. to Mot. to Clarify 1–5.) In support of this contention, Plaintiff presents new documentary evidence of transfers from various accounts to Icarian that was not presented in response to Defendants' motions for summary judgment. (*Id.* Ex. 1.) The Court will not consider the newly presented documentary evidence since Plaintiff did not file them in opposition to Defendants' motions for summary judgment.

16. With regard to the additional transfers of security investments made by Dr. Poulos, the Court concludes that the transfers are not included in the MEEJ Transfers which remain for trial. Plaintiff did not present any evidence of specific transfers involving security investments in opposition to the Defendants' motions for summary judgment. Although Plaintiff argues that certain financial documents she placed in evidence in opposition to Defendant's motions for summary judgment could lead to the inference that funds had been transferred into and out of Icarian, the

Court has reviewed the exhibits and concludes they are not sufficient to support her claims regarding the discrete financial transactions she now attempts to raise.

17. Plaintiff made no specific argument to the Court regarding the transfers of security investments in opposition to Defendants' motions for summary judgment. The Court concludes that even if claims for breach of fiduciary duty or fraud could be asserted regarding the transfers of security investments, Plaintiff failed to present evidence or argument in support of those claims in opposition to Defendants' motions for summary judgment, and those claims cannot now be considered.

18. In addition, Plaintiff has not alleged or provided evidence that she was a party to any of the transfers of security investments made by Dr. Poulos. Rather, Plaintiff only learned about them after the filing of this lawsuit. "A duty to disclose arises where a fiduciary relationship exists between the parties to a *transaction*." *Ward v. Fogel*, 237 N.C. App. 570, 581, 768 S.E.2d 292, 301(2014). There was no transaction or agreement between Plaintiff and Dr. Poulos from which a fiduciary duty arose. *Id.* at 580–81, 768 S.E.2d at 300 (2014) ("Because plaintiff's claims regarding the . . . trust do not arise 'within the context of a distinct agreement or transaction between the spouses, there was no fiduciary duty owed to plaintiff sufficient to survive summary judgment on her claims for constructive fraud and breach of fiduciary duty'"; citation omitted). Accordingly, Plaintiff's evidence regarding additional transfers of security investments would not support claims of breach of fiduciary duty or fraud.

19.    In conclusion, the claims remaining for trial against Dr. Poulos individually are Plaintiff's claims for breach of fiduciary duty and fraud regarding the MEEJ Transfers and the JEP Transfer, and Plaintiff's claims under G.S. § 39-23.4(a)(1) regarding the MEEJ Transfers, the JEP Transfer, and the Trust Transfer. The MEEJ Transfers do not include transfers of security investments or other funds into Icarian.

**B.    The Court did not find or conclude that Dr. Poulos was the 100% owner of Icarian at the time of the transfers at issue in this action, but rather, concluded that there were issues of fact regarding Icarian's ownership.**

20.    Defendants seek clarification on the question of "[w]hether the Court found [Dr.] Poulos to have been the 100% owner of Icarian at the time of the transfers at issue in this action" in its SJ Order. In the Motion for Reconsideration, Plaintiff contends the Court found the relevant facts to be undisputed and concluded that Dr. Poulos was the 100% owner of Icarian. Plaintiff asks the Court to reconsider this conclusion and find issues of material fact exist as to Icarian's ownership.

21.    A court does not make findings of fact in ruling on a motion for summary judgment, and made no such findings in this case. *See Hyde Ins. Agency, Inc. v. Dixie Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E.2d 162, 164-165 (1975). Accordingly, the question before the Court is more appropriately stated as whether the Court determined in the SJ Order that there was not a genuine dispute of fact that Dr. Poulos was the 100% owner of Icarian at the time of the transfers.

22.    The Court did not find the facts undisputed with regard to ownership of Icarian and did not grant summary judgment on the question of ownership of Icarian.

In the "Factual and Procedural Background" section of the SJ Order, at paragraph 4, the Court clearly indicated that conflicting evidence in the record established a disputed issue of fact regarding the ownership of Icarian at the times relevant to the claims in this case. In paragraph 4 the Court stated:

> Although Dr. Poulos claims, and the corporate documents in the record indicate, that he has been the 100% owner of Icarian since January 28, 2010, Icarian's 2010 and 2011 tax returns and 2010 and 2011 Schedule K-1s issued to Plaintiff and Dr. Poulos (collectively, the "Tax Documents") list Plaintiff as a 50% owner of the company. (Ex. 22 - Icarian 2010 Tax Return; Ex. 23 - Maria's 2011 Schedule K-1 for Icarian; Ex. 24 - Dr. Poulos' Schedule K-1 for Icarian; Ex. 32 - Icarian 2011 Tax Return.)

23. In addition, in paragraph 40, the Court stated that Icarian was an entity in which Dr. Poulos "*claimed* 100% ownership," indicating disputed issues of fact existed as to ownership of Icarian. (SJ Order ¶ 40; emphasis added.)

24. The Court acknowledges that in paragraph 27 of the SJ Order, in the "Analysis" section, the Court imprecisely stated that "Dr. Poulos was the 100% owner" of Icarian. The Court believes, however, that this statement must be read in light of the Court's explicit reference to the conflicting evidence regarding ownership of Icarian in its recitation of facts. In addition, a finding that Dr. Poulos was the 100% owner of Icarian was not necessary to the Court's discussion in paragraph 27 that Dr. Poulos owed Plaintiff a fiduciary duty in transactions between them involved in the MEEJ and JEP Transfers. Whatever his ownership interest in Icarian, Dr. Poulos had a fiduciary duty to Plaintiff as her husband at the time of the MEEJ and JEP Transfers.

25.     In the SJ Order, the Court found that issues of material fact existed regarding whether Dr. Poulos was the 100% owner of Icarian. Accordingly, the Motion to Clarify should be GRANTED, and the Court provides the clarification requested by Defendants. The Motion for Reconsideration should be DENIED as Moot.

**C.     The SJ Order ruling retaining the Trust Defendants as nominal parties only with regard to Plaintiff's claims under the UVTA may have been entered in error, and that part of the SJ Order (21) is VACATED in lieu of further briefing and determination by the Court.**

26.     In the Motion to Clarify, Defendants request clarification as to "[w]hether the Trust remains a party to this action with regard to Plaintiff's Claim under section 39-23.4(a)(1) of the UVTA other than as a nominal party." At the hearing on Defendants' motions for summary judgment, Plaintiff took a voluntary dismissal of its claims against the Trust Defendants. In response, the Court announced that it would grant the voluntary dismissal, but would retain the Trust Defendants as nominal parties for purposes, if necessary, of providing complete relief should Plaintiff prevail on her claims. None of the parties objected to the Court's announcement. Accordingly, in the SJ Order, the Court entered a voluntary dismissal without prejudice of the claim against the Trust Defendants, but stated that they "will remain nominal defendants in this action to the extent they are necessary parties to carrying out any relief ordered by the Court." (SJ Order ¶ 21.)

27.     Defendants contend that "[i]n any claim for relief under the UVTA, the remedies available to a creditor are provided in NCGS § 39-23.7, subject to the

limitations specifically enumerated in NCGS § 39-23.8." (Defs.' Br. Supp. Mot. to Clarify 5.) G.S. § 39-23.7 provides in pertinent part as follows:

> (a) In an action for relief against a transfer or obligation under this Article, a creditor, subject to the limitations in G.S. 39-23.8, may obtain:
>
> (1) *Avoidance of the transfer* or obligation to the extent necessary to satisfy the creditor's claim; …

(Emphasis added).

28. Pursuant to G.S. § 39-23.8(b)(1), when a transfer is avoidable in an action successfully brought by an alleged creditor:

> (1) Except as otherwise provided in this action, the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (c) of this section, or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against:
>
> a. The *first transferee of the asset or the person for whose benefit the transfer was made*; or
>
> b. An immediate or mediate transferee of the first transferee, other than:
>
> 1. A good-faith transferee that took for value; or
>
> 2. An immediate or mediate good-faith transferee of a person described in sub-sub-subdivision 1. of this sub-subdivision.

(Emphasis added).

29. As Defendants correctly assert, the Court entered summary judgment for Dr. Poulos on Plaintiff's claims for constructive fraud on the grounds that the undisputed facts established that Dr. Poulos did not benefit himself by the Transfers. (SJ Order ¶¶ 30–36.) Defendants contend, pursuant to G.S. § 39-23.8(1)(a), since Dr.

Poulos was not "the person for whose benefit the transfer(s) were made," a judgment cannot be recovered from him under the G.S. § 39-23.4(a)(1) claim.

30. With regard to the Trust Transfer, Defendants contend that the only parties from whom a judgment can be recovered on the UVTA claim are the Trust, as the first transferee, and Emanuel and Elizabeth Poulos, as the beneficiaries of the Trust. [2] (Defs.' Br. Supp. Mot. to Clarify 5.) Plaintiff argues that "[if] judgment can be entered against the Trust or the Poulos children . . . Murray and the Trust have an obligation to defend against this potential relief rather than remain in the action only as nominal defendants. It is therefore necessary that clarification is provided as to whether Murray and the Trust remain in this action as Defendants in more than a nominal fashion." *Id.*

31. Plaintiff makes no argument in opposition to Defendants' contentions, but states only that "[t]he Trust must remain only in a capacity that allows the Court jurisdiction to order the Trust to make transfers necessary to effect a jury verdict in plaintiff's favor." (Pl.'s Resp. Opp. Mot. to Clarify 8.)

32. The Court has reviewed its discussion and conclusions regarding Plaintiff's claim under G.S § 39-23.4(a)(1) relating to the Trust Transfer in the SJ Order. The Court conducted extensive legal research regarding the issues of the application of G.S. § 39-23.8(1)(a) to the facts of this case and whether an appropriate remedy can be fashioned if the Trust Defendants remain in this lawsuit as a nominal party only, and was not able to find clear legal precedent regarding the question. The

---

[2] With regard to the MEEJ Transfers and JEP Transfer, judgment could be entered against Icarian as the first transferee of the assets.

Court concludes that its order regarding allowing Plaintiff's voluntary dismissal without prejudice, and retaining the Trust Defendants in this action as nominal defendants only, may have been entered in error and should be further considered.

33. Accordingly, pursuant to Rule 54(a), the Court concludes that the Court's Motion should be GRANTED, and that the SJ Order, to the extent it allowed Plaintiff's voluntary dismissal without prejudice, and retained the Trust Defendants in this action as nominal defendants only (SJ Order ¶ 21,) should be VACATED, and that the parties, including the Trust Defendants, should be required to re-brief certain issues for further consideration by the Court as set forth below.

THEREFORE, IT IS ORDERED that the Motion to Clarify is GRANTED, in part, and DENIED, in part, the Motion for Reconsideration is DENIED as moot, and the Court's Motion should be GRANTED, as follows:

34. The claims remaining for trial against Dr. Poulos individually are Plaintiff's claims for breach of fiduciary duty and fraud regarding the MEEJ Transfers and the JEP Transfer, and Plaintiff's UVTA Claim regarding the MEEJ Transfers, the JEP Transfer, and the Trust Transfer. The MEEJ Transfers remaining are the transfers of real property as defined in the SJ Order, and do not include additional transfers of security investments or other funds into Icarian.

35. In the SJ Order, the Court found that issues of material fact existed regarding whether Dr. Poulos was the 100% owner of Icarian.

36. The SJ Order, to the extent it allowed Plaintiff's voluntary dismissal without prejudice, and retained the Trust Defendants in this action as nominal

defendants only (SJ Order ¶ 21) is VACATED, and the parties, including the Trust, are required to re-brief the issues for further consideration as follows:

a. All Defendants shall file a joint supplemental brief, not to exceed 5,000 words, on or before June 22, 2017. Plaintiff shall file any brief in opposition, not to exceed 5,000 words, on or before July 13, 2017.[3] No reply will be allowed. The briefs should not contain a statement of facts or procedural background, and should contain only arguments. The parties are not permitted to file additional or new exhibits not already in the record.

b. The Court requests that counsel brief the following issues related to Plaintiff's UVTA Claim:

i. Whether the Trust is a necessary party in this action for purposes of entering judgment and granting relief on Plaintiff's claim under G.S § 39-23.4(a)(1) relating to the Trust Transfer; and

ii. Whether a judgment pursuant to G.S. §§ 39-23.7 and 23.8(a) could be entered against the Trust on Plaintiff's claim if the Trust is only a nominal party in the case;

iii. Whether a judgment pursuant to G.S. §§ 39-23.7 and 23.8(a) could be entered against the Emanuel and Elizabeth Poulos on Plaintiff's claim since Emanuel and Elizabeth Poulos are only a nominal parties in the case.

---

[3] The Court will not consider motions to extend these deadlines absent a showing of undue hardship.

This the 6th day of June, 2017.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
For Complex Business Cases
