An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-149

Filed 19 November 2025

Mecklenburg County, No. 20CVS005840-590

LEE ARTHUR JAMES, JR., Plaintiff,

v.

RONDA MARABLE CARSON a/k/a RONDA BANK, a/k/a RONDA M. BANKS, a/k/a RONDA CARSON and REGINALD BERNARD CARSON, SR., Defendants.


Appeal by defendant from order entered 28 May 2024 by Judge Karen Eady-Williams in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 September 2025.

> *Smith Debnam Narron Drake Saintsing & Myers, LLP, by Byron L. Saintsing, for plaintiff-appellee.*

> *James, McElroy & Diehl, P.A., by Preston O. Odom, III, for defendant-appellant.*


DILLON, Chief Judge.


Defendant Reginald B. Carson, Sr., appeals from an order entered by the trial court denying his post-trial motion which sought clarification of the court's final judgment entered 1 March 2022. For the reasoning below, we reverse and remand.

I.    Background

This dispute centers around a judgment obtained in a Georgia proceeding by Plaintiff Lee A. James, Jr., against Defendant's wife, Ronda. Following the entry of the Georgia judgment, Ronda transferred three North Carolina properties, titled in her name, to herself and Defendant as tenants by the entirety.

Plaintiff began this present action against Ronda and Defendant, alleging a violation of our Uniform Voidable Transactions Act. Following a jury verdict in Plaintiff's favor, the trial court entered a final judgment setting aside the transactions and declared "[Defendant] shall not be entitled to retain *any rights* in the [properties]." (emphasis added).

Nearly a year later, Defendant filed a motion under the guise of Rule 60(b). He specifically challenged the "any rights" language used in the trial court's final judgment, arguing that it terminated his pre-existing *marital* rights in the properties, despite this issue not being given to the jury. These marital rights are found in Section 29-30 of our General Statutes, which provides that a surviving spouse, in some circumstances, is entitled to take "a life estate in one third in value of all the real estate of which the deceased spouse was seized and possessed . . . at any time during the marriage." N.C.G.S. § 29-30(a) (2023). The trial court denied the motion without explanation. Defendant appeals.

## II. Analysis

On appeal, Defendant contends the trial court abused its discretion by denying his motion, which sought relief under (b)(1) and (b)(6) of Rule 60. At its core,

Defendant's motion asked the trial court to clarify the effect that its order had on his marital rights in his wife's properties. It could be argued Defendant was seeking relief under Rule 59, in that he was seeking an amendment to the judgment. However, we conclude Defendant's motion was proper under Rule 60(b)(6). We have held that Rule 60(b)(6) is a "grand reservoir of equitable power" and that under this Rule, a "trial court ha[s] jurisdiction to revisit its order so that its intentions could be made clear." *Alston v. Federal Exp. Corp.*, 200 N.C. App. 420, 423–24 (2009). *Alston* fits neatly with our more general body of law surrounding a trial court's authority to clarify ambiguous judgments. *See, e.g., Alexander v. Brown*, 236 N.C. 212, 215 (1952); *Morley v. Morley*, 102 N.C. App. 713, 716 (1991) ("[R]ecourse should be available to the plaintiff to return to Superior Court to construe the order.").

We review a trial court's denial of a Rule 60(b) motion for abuse of discretion. *Davis v. Davis*, 360 N.C. 518, 523 (2006). A trial court abuses its discretion if its decision "is manifestly unsupported by reason, or so arbitrary that it could not have been the result of a reasoned decision." *Little v. Penn Ventilator Co.*, 317 N.C. 206, 218 (1986) (cleaned up).

To modify or set aside a judgment or order under Rule 60(b) "(1) extraordinary circumstances must exist, and (2) there must be a showing that justice demands that

relief be granted." *Howell v. Howell*, 321 N.C. 87, 91 (1987). [1]

Based on the facts of this case, we hold the trial court abused its discretion by denying Defendant's motion and refusing to clarify its order.

Here, Defendant sought clarification on the trial court meaning when it stated "[Defendant] shall not be entitled to retain any rights in the [properties]" in its final judgment. This statement, when viewed in the context of the judgment as a whole, seems to affect only those rights in the properties Defendant purportedly acquired as a result of Ronda's deeds. However, in isolation, the statement could be construed to affect Defendant's marital rights under G.S. 29-30 as well.

We conclude this ambiguity presents an extraordinary circumstance, as the judgment unnecessarily creates a cloud on the title on the properties at issue, and likewise justice demands relief. Indeed, in our statutes and case law, there is a common goal to make title to real property certain and to render property alienable and marketable. *See, e.g.,* N.C.G.S. § 47B-1(1) (2023) ("Land is a basic resource of the people of the State of North Carolina and should be made freely alienable and marketable so far as is practicable."); *Christman v. Hilliard*, 167 N.C. 4, 8 (1914)

---

[1] Our case law seemingly suggests that a party must also show that he has a meritorious defense. *See, e.g., Sides v. Reid*, 35 N.C. App. 235, 237 (1978); *Huggins v. Hallmark Enterprises, Inc.*, 84 N.C. App. 15, 24–25 (1987); *Roark v. Yandle*, 283 N.C. App. 223, 229 (2022). It appears this requirement finds its origin in the context of excusable neglect. *See Jones-Onslow Land Co. v. Wooten*, 177 N.C. 248 (1919). Despite, however, our Supreme Court holding that the applicable (b)(6) test was two-pronged in *Howell*, this court has continued to require a showing of a meritorious defense without even mentioning *Howell*. But we are bound by the Supreme Court's decision in *Howell*, and we will confine our review for the existence of extraordinary circumstances and if justice demands relief.

("The beneficial purpose of [N.C.G.S. § 41-10] is to free the land of the cloud resting upon it, and make its title clear and indisputable . . . ."). Allowing the trial court's final judgment to stand without clarification hinders the ability for the properties at issue to be alienated, as the ambiguity in the trial court's judgment creates a cloud on their titles. Considering North Carolina's longstanding public policy surrounding certainty of title, we conclude the trial court should address Defendant's concern raised in his motion.

## III. Conclusion

We reverse the trial court's order denying Defendant's motion and remand for the trial court to consider Defendant's motion and clarify Defendant's rights in the properties subject to this action.

REVERSED AND REMANDED.

Judges ZACHARY and FREEMAN concur.